UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

RONALD C. DANIELS,                                                                                                 Plaintiff,

v.                                                              Civil Action No. 3:17-cv-P773-DJH

ERIC PROCTOR                                                                            Defendant.

\* \* \* \* \*

## **MEMORANDUM OPINION**

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Ronald C. Daniels leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed.

## **I. SUMMARY OF COMPLAINT**

Plaintiff brings this action against Eric Proctor, his public defender, in his individual capacity. In the complaint, Plaintiff writes as follows:

> I . . . was charge with Escape II, Jan. 27, 2017. Mr. Eric Proctor Public Defender was assigned my case No # 17CR0823 on or about July 11 or 12 this yr. my court date. Mr. Proctor didn't have a travel voucher for me for court. I was doing time at the Rodoer Correctional Complex at Lagrange R.C.C. A warrant was issued for my arrest for fail to comply with court monitoring. . . . I book an plea agreement on Escape II 3yrs: 15%. I was informed by Mr. Proctor he would put me in for shock probation, he never did. I cont. too call Mr. Proctor . . . several times, left countless voice-mails. No visit whatsoever not even a letter. I suffer from PTSD, cancer, diabetic, Hep "C", liver disease, kidney problems. V.A. has medical records of conditions . . . . Mr. Proctor was aware of this, that's why it was important for me to try and get "shock probation" due to medical issues. Finally, I submitted the motion myself called Mr. Proctor again, again no reply. Dec. 4 denied me "shock probation" by mail Judge Audra J. Eckerle. I was not present. Mr. Proctor was not there either. I feel that he should have been there to argue my medical conditions on my behalf. . . . He never complied with my wishes as my Attorney of Record. Now I have to sit here at L.M.D.C. without proper medical treatments I need, plus I'm now homeless as well. Mr. Proctor did not represent me well at all. Clearly My rights have been violated.

As relief, Plaintiff seeks compensatory and punitive damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all

potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Here, Plaintiff's complaint must be dismissed because it is firmly established that a public defender does not act under color of state law for purposes of § 1983 "while performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). This is true even when a criminal defense attorney's defective performance results in the unconstitutional deprivation of an accused criminal defendant's liberty. *See Briscoe v. Lahue*, 460 U.S. 325, 329, n.6 (1983); *Floyd v. Cty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) (holding public defender not liable for ineffective assistance of counsel under § 1983); Thus, even if though

Plaintiff believes his counsel was ineffective during his criminal proceeding, he has no cognizable claim against Defendant Proctor under § 1983.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action. The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date: February 13, 2018

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Defendant
4415.011